IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MORGAN MITCHELL and MICHAEL MITCHELL, <br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES EAST, LP, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. <br> ) JURY DEMAND <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiffs, for this cause of action against Defendant, state to the Court:

1. Plaintiffs Morgan Mitchell ("Mrs. Mitchell") and Michael Mitchell ("Mr. Mitchell;" collectively, "Plaintiffs") are citizens and residents of Rutherford County, Tennessee. Plaintiffs are husband and wife.

2. Defendant Wal-Mart Stores East, LP ("Wal-Mart") is a Delaware limited partnership, with its principal address at 702 S.W. 8th Street, Bentonville, AR 72716. Wal-Mart's registered agent for the purposes of service of process is CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546.

3. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship of the parties, and the amount in controversy exceeds $75,000.00. This case arises out of the same incident that is the subject of another case pending before this Court: *Morgan Mitchell and Michael Mitchell v. Walmart, Inc.*, Docket No. 3:23-cv-01273, which was removed from the Circuit Court for Rutherford County, Tennessee, on December 5, 2023.

4. Wal-Mart owns and operates a Walmart Supercenter located at 2012 Memorial Blvd., Murfreesboro, TN 37129 (the "Walmart Supercenter").

5. On or about December 18, 2022, Plaintiffs were shopping inside the Walmart Supercenter.

6. The individuals who maintained the Walmart Supercenter on December 18, 2022, were employees and/or agents of Wal-Mart.

7. Wal-Mart, as owner and operator of the Walmart Supercenter, has greater knowledge concerning its premises and the condition thereof than do Plaintiffs.

8. Wal-Mart is under a duty to not create a dangerous or hazardous condition that could present risk and harm to its customers.

9. While Plaintiffs were shopping, a Wal-Mart employee was on a ladder moving boxes.

10. Two of the boxes fell from a top shelf and struck Mrs. Mitchell's head.

11. Wal-Mart created the hazardous and dangerous condition of the falling boxes and had actual and/or constructive notice of this unreasonably dangerous, defective, and unsafe condition, but took no steps to alleviate the danger or warn Plaintiffs of the danger.

12. On the date specified, Wal-Mart was responsible for the negligent acts and/or omission of their employees, agents, and representatives as set forth herein pursuant to the doctrine of *respondeat superior*.

13. Wal-Mart breached its duty of care by negligently and carelessly stacking, stocking, organizing and/or arranging its inventory in a precarious and unstable fashion, thereby creating a dangerous and hazardous walkway for patrons. Wal-Mart knew or should have known that the movement of inventory at such a height placed patrons in its vicinity in danger.

14. Wal-Mart was negligent in that it failed to supervise and train their employees adequately to handle inventory and/or notice, identify, recognize, correct, or properly warn customers of unreasonable dangerous hazards.

15. As a result of the incident, which was caused by Wal-Mart's negligence, Mrs. Mitchell sustained serious, painful bodily injuries.

16. Wal-Mart, through its employees and/or agents, were negligent in the following particulars:

    a. Wal-Mart negligently created the dangerous and/or hazardous and/or unsafe condition as described herein;

    b. Wal-Mart failed to exercise such care as was reasonable under the circumstances then existing;

    c. Wal-Mart failed to properly train its agents and/or employees in proper safety procedures and safe methods of stacking, stocking, arranging, organizing and distributing inventory; and

    d. Wal-Mart failed to exercise due and reasonable care.

17. Mrs. Mitchell suffered injuries as a direct and proximate result of the incident.

18. Mrs. Mitchell has incurred and will continue to incur medical bills and other expenses as a direct and proximate result of the incident.

19. Mrs. Mitchell has endured and will continue to endure pain and suffering as a direct and proximate result of the incident.

20. Mrs. Mitchell has endured and will continue to endure lost enjoyment of life as a direct and proximate result of the incident.

21. Mrs. Mitchell has lost and will continue to lose wages as a direct and proximate result of the incident.

22. Mrs. Mitchell seeks to recover for all of her damages allowed under Tennessee law.

23. As a direct and proximate result of the incident, Mr. Mitchell, as spouse to Mrs. Mitchell, lost the consortium of his wife.

24. Mr. Mitchell seeks all of his damages allowed under Tennessee law.

WHEREFORE, Plaintiffs pray for the following relief:

1. A judgment for compensatory damages against Wal-Mart in an amount to be determined by a jury, but in excess of $75,000, exclusive of interest and costs;

2. An award of all discretionary costs and court costs;

3. A jury be empaneled to try this cause; and

4. Such other and further relief as shall be deemed reasonable and necessary.

Respectfully submitted,

/s/ *Natalie Rowan*
Natalie Rowan, BPR# 032603
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone:    615.742.4880
Facsimile:    615.742.4881
Attorney for Plaintiffs